IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STUART ELLIOTT BROOKS, #49327                                                      PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 4:11-cv-93-HTW-LRA

E.M.C.F. MEDICAL STAFF, et al.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On May 20, 2011, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This Court entered on May 20, 2011, two orders [3 & 4] in this case. One order [3] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff failed to respond or comply with this order. The other order [4] directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court within 30 days. The plaintiff also failed to comply with this order.

An order to show cause [5] was entered on July 21, 2011, directing the plaintiff to respond in writing on or before August 5, 2011, and explain why this case should not be dismissed for his failure to comply with the Court's orders [3 & 4] entered on May 20, 2011. The plaintiff was warned in each of the orders [3, 4 & 5] that failure to comply with any Court orders or the failure to advise of a change of address could result in the instant civil action being dismissed without further notice to him. Once again, the plaintiff failed to comply.

Out of an abundance of caution, a second and final order to show cause [6] was entered on August 23, 2011. The plaintiff was ordered to file a written response on or before September 7,

2011, showing cause why this case should not be dismissed for his failure to comply with the Court's orders [3, 4, & 5].  The plaintiff was warned that this was his final opportunity to comply with the orders [3 & 4] of May 20, 2011, and that failure to comply with the Court's order [6] in a timely manner would result in the instant civil action being dismissed without further notice to the plaintiff.

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to comply with the orders [3, 4, 5 & 6] of this Court.  It is apparent from the plaintiff's failure to communicate with this Court since he filed the instant civil action on May 20, 2011, that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 29th day of September, 2011.

                                                     s/ HENRY T. WINGATE
                                                     UNITED STATES DISTRICT JUDGE